IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK SWAGERTY, JR.,                    No. CIV S-11-2102-CMK-P

    Plaintiff,

  vs.                                  ORDER

MATTHEW CATE, et al.,

    Defendants.

                            /

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1


84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names S.M. Salina, the prison warden, and Matthew Cate, the director of the California Department of Corrections and Rehabilitation, as defendants.  Plaintiff claims:

> On 3-27-2010 D.V.I. inspectors and officers acting under the warden/D.O.C. [defendants] failed to repair a damaged metal drain plate in the west hall culinary chow hall knowing the drain plate was damaged. The warden has full responsibility to be notified of any prison structure which poses a threat to the safety of prisoners.  The warden failed to act on a known dangerous condition on and prior to 3-27-2010.  As an A.D.A. prisoner, I possess a waking cane on 3-27-2010 as I proceeded to the line inside west hall culinary my can pertruded [sic] into the damages metal drain plate causing me to fall.  I broke the cane as the cane went deep into the hole.  I fall on my hip & knee, back and shoulder causing serious injury and pain still exist.  D.V.I. is suppossetly [sic] a A.D.A. accessible prison housing people with canes, walkers, etc.

## II. DISCUSSION

Plaintiff's complaint suffers from two fatal flaws: (1) plaintiff has not alleged facts sufficient to establish the liability of supervisory personnel; and (2) plaintiff has not alleged facts sufficient to establish a violation of his constitutional rights to safety, in violation of the Eighth Amendment.  Each defect is discussed in more detail below:

/ / /

/ / /

2

### A. Supervisory Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

In this case, plaintiff names only supervisory defendants but does not allege what personal actions they took to cause plaintiff's injury. Nor has plaintiff alleged that the supervisory defendants implemented a policy so deficient that the policy itself was a repudiation of plaintiff's constitutional rights and the moving force behind a constitutional violation. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

### B. Eighth Amendment Safety Claim

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

In this case, the facts alleged do not indicate that plaintiff was subjected to a substantial risk of serious harm. To the contrary, plaintiff complains of a single damaged drain plate. While this could pose a slight to moderate risk of harm, the risk posed by a single damaged drain plate cannot be said to be substantial.

/ / /
/ / /
/ / /
/ / /
/ / /

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim. Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

IT IS SO ORDERED.

DATED: September 1, 2011

                                            /s/ Craig M. Kellison
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE