IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK SWAGERTY, JR.,                         No. CIV S-11-2102-CMK-P

       Plaintiff,

   vs.                                                          ORDER

MATTHEW CATE, et al.,

       Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. The court issued an order to show cause on September 2, 2011, requiring plaintiff to show cause why this action should not be dismissed for failure to state a claim. Pending before the court is plaintiff's response.

       The court outlined plaintiff's allegations in its prior order and will not repeat them here. The court found plaintiff's complaint was insufficient to state a claim against the two defendants named, who are both supervisory defendants against whom plaintiff failed to allege any personal action. In addition, plaintiff claims a violation of his Eighth Amendment rights by the failure of the institution to correct a damaged drain, a claim found to be insufficient as the

risk therefrom is insignificant and not substantial as required to state a claim. In response, plaintiff argues the negligence of the institution and those responsible for fixing the drain is sufficient to state a claim. The court does not agree. As set forth in the court's prior order, "[a] prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a 'sufficiently culpable mind.' See id." (Order, Doc. 8, at 3-4 (citing ; Farmer v. Brennan, 511 U.S. 825 (1994)). Negligence in not fixing a damaged drain does not rise to such a level.

The court finds plaintiff's complaint fails to state a claim which relief can be granted, and plaintiff fails to show good cause why this case should not be dismissed.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim, and the Clerk of the Court is directed to enter judgment and close this case.

DATED: November 14, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE